IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kirk Chappell, | ) Civil Action No.: 3:14-cv-02153 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **OPINION AND ORDER** |
| International Brotherhood Electrical Workers | ) |
| Local Union 772, and Scott Fulmer, | ) |
| | ) |
| Defendants. | ) |

Before this Court is Plaintiff Kirk Chappell's ("Plaintiff") Motion to Remand (ECF No. 24) asking this Court to remand this case to the Court of Common Pleas for Richland County, South Carolina. Having considered the motion and responses filed, the record, and the applicable law, the Court DENIES the motion.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this action in the Court of Common Pleas for Richland County, South Carolina on October 4, 2013. The Complaint alleges several state law causes of action relating to the injuries suffered by Plaintiff while he worked on a power line as an employee of South Carolina Electric and Gas Company ("SCE&G") and a member of the International Brotherhood of Electrical Workers Local Union 772 ("IBEW"). Defendants removed this action to this Court on June 4, 2014 pursuant to 28 U.S.C. §§ 1331(a) and 1337(a), and 29 U.S.C. §185(a) on the grounds that this Court has original jurisdiction premised upon Section 301(a) of the Labor Management Relations Act. On July 2, 2014, Plaintiff moved to remand this matter to state court, arguing that Defendants' removal was untimely. (ECF No. 24-1 at 2.) Plaintiff argues that the state court has concurrent jurisdiction over the claims asserted in the complaint and that Defendants consented to its jurisdiction. (ECF No. 24-

1 at 2.) Plaintiff argues that Defendants were "on notice" that the case was removable based on the allegations of the original pleadings which state that Plaintiff was a member of IBEW and that Defendants breached certain fiduciary duties and duties of fair representation owed to Plaintiff as a member. (ECF No. 24-1 at 5.) Defendants filed a memorandum in response arguing that the notice filed was timely because Defendants could not ascertain that the action was removable until Plaintiff first identified a collective bargaining agreement as the basis for the duties underlying his state-law tort claims. (ECF No. 31 at 1-2.) Both parties contend that the central issue before this Court is whether Defendants' notice of removal was timely.

## **STANDARD OF REVIEW**

"Federal courts are courts of limited jurisdiction" and the presumption is that a cause of action lies outside of this limited jurisdiction. *See Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 583-584 (4th Cir. 2012). Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Here, Defendant asserts that the federal court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on an analysis and interpretation of a collective bargaining agreement. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A state court action may be removed by a defendant to federal district court only if the state court action could have been originally filed in federal district court. *See* 28 U.S.C. § 1441. Specifically, a defendant may remove a case to federal court if: 1) the parties are diverse and the statutory requirements for diversity jurisdiction are met; 2) the face of the complaint raises a federal question; or 3) on the basis of a narrow exception to the well-pleaded

complaint rule known as the "complete preemption doctrine." *See Lontz v. Tharp*, 413 F.3d 435, 439-440 (4th Cir. 2005). A defendant who has removed an action to federal court has the burden of establishing subject matter jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

Generally, the presence of federal question jurisdiction is determined by the well-pleaded complaint rule which requires, for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331, that a federal question be presented on the face of the plaintiff's properly pleaded complaint and without consideration of any potential defenses. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936); *Harless v. CSX Hotels, Inc.*, 389 F.3d 444 (4th Cir.2004) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)); *see also King v. Marriott Int'l, Inc.*, 337 F.3d 421 (4th Cir.2003). The district court will look to the plaintiff's state court pleading to determine whether there was a proper ground for removal. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). "[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Id.* To satisfy the "arises under" test, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully*, 299 U.S. at 112. A federal controversy "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id.* at 113. The plaintiff is the master of the complaint and may avoid federal jurisdiction by relying exclusively upon state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A defendant seeking to remove must file a notice of removal "within 30 days after the receipt by the defendant" of the complaint. 28 U.S.C. § 1446(b)(1). Receipt of an initial pleading only starts the thirty-day period where the initial pleading reveals a grounds for removal. *Lovern v. Gen.*

*Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).  Where such details that would make a case removable are "obscured, omitted, or indeed misstated," that circumstance makes the case not removable as stated by the initial pleading and the thirty-day period begins to run when a defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3); *Lovern*, 121 F.3d at 162.

## DISCUSSION

The Court has carefully reviewed the pleadings and the arguments in this matter.  Here, it is undisputed that Defendants filed the Notice of Removal more than thirty days after being served with the summons and complaint.  Plaintiff seeks remand, arguing that Defendants' grounds for removal are untimely because the complaint alleges that some of Plaintiff's causes of action arise out of the fiduciary relationship and duty of fair representation between the IBEW and Plaintiff.  (ECF No. 24-1 at 2.)  Defendants oppose the motion, asserting that they could not ascertain that the action was removable until May 15, 2014, when Plaintiff first identified a collective bargaining agreement by way of his discovery responses, as the basis for the duties underlying his state-law tort claims.  (ECF No. 31 at 1.)  The Court agrees with the parties' contention that the central and threshold issue is whether the "other paper" provisions of § 1446(b)(3) were triggered and if Defendants' notice of removal was timely.

In determining when a defendant has notice of grounds for removal, the court must "rely on the face of the initial pleading and the documents exchanged in the case by the parties."  *Lovern*, 121 F.3d at 162.  This Court is not required to "inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when."  *Id.*  Instead

the Court is to consider whether the grounds for removal were "apparent within the four corners of the initial pleading or subsequent paper." *Id.* "[T]he statute expressly encompasses the case in which the actual facts supporting federal jurisdiction remain unaltered from the initial pleading, but their existence has been manifested only by later papers, revealing the grounds for removal for the first time. It thus appears that the statute does not preclude defendants from removing a case where their discovery of the grounds of federal jurisdiction is belated because facts disclosing those grounds were inadequately or mistakenly stated in the complaint." *Id.*

Here, Plaintiff's complaint sets forth five state-law causes of action— negligence, negligent misrepresentation, negligent hiring, negligent supervision, and negligent retention. It states generally that Plaintiff was employed by SCE&G and that he was also a member of the IBEW local union when he was injured while making a service call. (ECF No. 1-1 at 2.) The complaint makes a general reference to Defendants' "fiduciary obligation to the Plaintiff" to protect him from unsafe co-workers as well as other negligent failures, in violation of the statutory laws of the State of South Carolina. (ECF No. 1-1 at 3.)  The complaint also makes a passing reference to a  breach of the "duty of fair representation" Defendants owed to Plaintiff which caused Plaintiff's injury. (ECF No. 1-1 at 3.)  Plaintiff maintains that these allegations, as set forth in the factual introduction of his complaint, were sufficient to put Defendants on notice that the case was removable at the time of service. (ECF No. 24-1 at 4-5.) The Court disagrees— the "four corners" of Plaintiff's complaint in this action fail to put Defendants on notice that the case was removable at the time of service. For example, the complaint fails to reference a collective bargaining agreement or any other source of a duty owed other than state law. Despite Plaintiff's efforts to bolster its claims by way of its motion for remand, each cause of action asserts that Defendants breached only a state-law duty of

-5-

care, by acting negligently. "[O]nly a guess by [Defendants] would have indicated the case was removable." *Pack v. AC and S, Inc*., 838 F.Supp. 1099, 1102 (D. Md. 1993). Here, federal law claims are simply not presented on the face of the complaint.[1]

Defendants allege they first ascertained that Plaintiff sought to use the collective bargaining agreement between SCE&G and IBEW Local 772 as a basis for Plaintiff's claims only after Plaintiff responded to Defendants' First Set of Interrogatories and Requests for Production on or about May 15, 2014. At that time, Plaintiff referenced the collective bargaining agreement in response to several interrogatories propounded by Defendants. Interrogatory responses and documents produced in response to a discovery request constitute "other paper[s] from which it may first be ascertained that the case is one which is or has become removable." *See Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035-36, 1035 (10th Cir. 1998) ("We agree that the initial pleading in this case was ambiguous in that it did not provide unequivocal notice of the right to remove, and that the first clear notice of removability was given in answer to an interrogatory."); *Yarnevic v. Brink's Inc*., 102 F.3d 753, 755 (4th Cir.1996) ("We do not think § 1446(b) requires that the 'motion, order or other paper' be part of the state court record ... [t]he 'motion, order or other paper' requirement is broad enough to include any information received by the defendant, 'whether communicated in a formal or

---

[1] In his motion to remand, Plaintiff now concedes that he has alleged causes of action that implicate a federal question in that they arise out of his relationship with IBEW and relate to duties created under the collective bargaining agreement. But Plaintiff also claims that he has asserted certain state law claims which fall entirely outside of the collective bargaining agreement and its interpretation. (ECF No. 24-1 at 3.) It is Plaintiff's position that the state and federal courts have concurrent jurisdiction to hear all of Plaintiff's claims as Section 301(a) of the Labor Management Relations Act does not operate to completely preempt Plaintiff's claims. (ECF No. 24-1 at 2-3.) The district courts, however, shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1332. Where original jurisdiction exists in the federal courts, removal is allowed by 28 U.S.C. 1441 even if a state court has concurrent jurisdiction.

informal manner.'"). Thus, the receipt of the interrogatory responses (referencing the collective bargaining agreement ) triggered the right to remove[2]—Defendants then timely removed based on the time frame set forth in 28 U.S.C. § 1446(b).  *See Franchise Tax Bd.*,  463 U.S. at 9-10.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 24) is denied.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

September 23, 2014
Spartanburg, South Carolina

---

[2]Plaintiff also argues that Defendants' assertion of a preemption defense in its answer and its production of a copy of the collective bargaining agreement as part of its discovery responses shows, at a minimum, that Defendants had ascertained grounds for removal were present at an earlier point. (ECF No. 24-1 at 6.)  But as Defendants note, these efforts are simply examples of ordinary preemption which act as a federal "defense to the allegations," but do not provide a basis for removal. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987); *see also Darcangelo v. Verizon Communications, Inc*., 292 F.3d 181, 186 (4th Cir.2002).