IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kirk Chappell, | ) Civil Action No.: 3:14-cv-02153 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **OPINION AND ORDER** |
| International Brotherhood Electrical Workers | ) |
| Local Union 772, and Scott Fulmer, | ) |
| | ) |
| Defendants. | ) |

Before this Court is Defendant International Brotherhood of Electrical Workers Local Union 772's ("Local 772") Motion for Summary Judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 52.) Local 772 submits that summary judgment should be entered in its favor on all counts of the Amended Complaint brought by Plaintiff Kirk Chappell ("Plaintiff"). Having considered the motion and responses, the arguments of the parties, the record, and the applicable law, the Court GRANTS Local 772's Motion for Summary Judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this action in the Court of Common Pleas for Richland County, South Carolina on October 4, 2013. (ECF No. 1.) Plaintiff filed his Amended Complaint on October 27, 2014. (ECF No. 42.) The Amended Complaint generally alleges breaches of the fiduciary duties and duties of fair representation owed to Plaintiff as a member of the International Brotherhood of Electrical Workers ("IBEW") Local Union 772 and sets forth several state law causes of action relating to injuries suffered by Plaintiff while he worked on a power line as an employee of South Carolina Electric and Gas Company ("SCE&G") and a member of Local 772.

Defendants Local 772 and Scott Fulmer removed this action to this Court on June 4, 2014

pursuant to 28 U.S.C. §§ 1331(a) and 1337(a), and 29 U.S.C. §185(a.). The motion for summary judgment by Defendants Local 772 and Scott Fulmer was filed on February 27, 2015[1]. (ECF No. 52.) Local 772 maintains that whether Plaintiff's allegations are characterized as state tort claims or contract claims, the claims are preempted by Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185 and subject to federal law. Local 772 also alleges that it did not assume any duties through the Collective Bargaining Agreement ("CBA") or enforceable by Plaintiff, the breach of which caused Plaintiff's injuries. Finally, Local 772 argues that any duty of fair representation claims are barred by the statute of limitations and for failure to state a claim.

Plaintiff filed a memorandum in response to Local 772's motion for summary judgment on March 31, 2015. (ECF No. 64.) Local 772 filed a reply memorandum on April 24, 2015. (ECF No. 76.) The Court held a hearing in this matter on June 23, 2015. (ECF No. 80.) After the hearing, Plaintiff filed a Supplemental Submission in Opposition to Defendant's Motion for Summary Judgment and Motion to Allow Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment (ECF No. 82). This Court allowed Plaintiff to submit a supplemental memorandum in opposition (ECF No. 86) and for Local 772 to submit a reply. (ECF No. 87.) The matter is now ripe for review.

## STANDARD OF REVIEW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving

---

[1] Plaintiff Kirk Chappell and Defendants International Brotherhood of Electrical Workers Local 772 and Scott Fulmer jointly stipulated and agreed to the dismissal of Scott Fulmer from this action with prejudice. (ECF No. 61.)

party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.  The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  *See* Fed.R.Civ.P. 56.  "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996).

## DISCUSSION

The Court has carefully reviewed the pleadings and submissions, and has considered the arguments presented in this matter.  In its motion for summary judgment, Local 772 argues that Plaintiff's claims are completely preempted by Section 301, that Local 772 did not assume any duties to provide Plaintiff with a safe workplace, and therefore, that Local 772 did not breach any duties or cause Plaintiff's injuries.  (ECF No. 52-1.)  In opposition, Plaintiff states that Local 772 assumed duties to keep Plaintiff safe, by way of its practices, by-laws, the IBEW constitution, and the CBA between SCE&G and Local 772. (ECF No. 64.)  Plaintiff maintains that Defendant breached these duties and failed to use its influence with SCE&G to protect him, thereby causing him injuries while working with a co-worker and fellow union member.  Plaintiff argues that his causes of action which rely solely on the assessment of Local 772's by-laws and prior practices are not preempted by federal

law because they do not require an interpretation of the IBEW constitution or the CBA. (ECF No. 64 at 6.) Plaintiff also asserts that his claims covered by Section 301 are subject to the South Carolina statute of limitations period and are not time barred. The central question before the Court is whether Local 772, through the CBA, the IBEW Constitution, and its local practices and bylaws, assumed any enforceable duties owed to Plaintiff as a member of Local 772. Based on the record before the Court, the answer is no.

1. **Preemption of Plaintiff's State Law Claims**

Plaintiff's Amended Complaint sets forth six state-law causes of action— (1) Negligence (2) Negligent Misrepresentation (3) Negligent Hiring (4) Negligent Supervision (5) Negligent Retention and (6) Breach of Contract. (ECF No. 42.) The Amended Complaint makes a general reference to Defendants' "fiduciary obligation to the Plaintiff" to protect him from unsafe co-workers as well as other negligent failures in violation of the statutory laws of the State of South Carolina. The Amended Complaint also references a breach of the "duty of fair representation."

The Court must first address whether Plaintiff's state law claims are preempted by the referenced duty of fair representation and Section 301. In Plaintiff's sixth cause of action for breach of contract, Plaintiff claims that he was a third-party beneficiary of the CBA, breached by Local 772. (ECF No. 42 at 8.) Plaintiff specifically refers to two provisions of the CBA for the proposition that Local 772 assumed a duty to consult with SCE&G regarding Plaintiff's co-worker's condition and job performance. In opposition to the motion for summary judgment, Plaintiff declares that he may bring suit under Section 301 in relation to the CBA. (ECF No. 64 at 13.)

Despite their labels, in this case, Plaintiff's negligence and breach of contract causes of action are preempted by Section 301 and this Court must consider federal law in deciding this matter.

Section 301 expresses a federal congressional policy mandate, that federal law be applied in addressing disputes arising out of labor contracts. *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985). Although not every dispute concerning employment or tangentially involving a provision of a collective-bargaining agreement is preempted by Section 301, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract," the claim is preempted by federal law. *Id.* at 211, 220. The exception to preemption applies where state law confers "nonnegotiable state-law rights on employers or employees independent of any rights established by contract." *Id.* at 213.

Plaintiff admits that he looks to the CBA as a source of Local 772's duty owed to Plaintiff, but also claims Local 772 had a duty to keep its members safe independent of the CBA and governed by state law based on the IBEW Constitution, Local 772's by-laws, and its prior practices. (ECF No. 64 at 4-5.) But these potential sources of the duty do not remove Plaintiff's claims from the scope of federal law.[2] First, the matters of which Plaintiff complains are not purely internal matters between a union and its members, i.e., membership dues or voting, which may be resolved by reference to the by-laws and without reference to the CBA. Instead, Plaintiff's claim that Local 772 failed to use its position to influence his employer and protect him in the workplace, turns on Local 772's position as Plaintiff's collective bargaining agent and the relationship between Local 772 and SCE&G under the CBA.

Further, to the extent Plaintiff claims that state law duties are implied from the IBEW

---

[2] Plaintiff claims that "all causes of action which rely solely on the assessment of Local 772's by-laws and prior practices are not preempted by the LMRA," but has not drawn the Court's attention to any such causes of action. (ECF No. 64 at 6.)

Constitution, the resolution of the relevant questions will inevitably require the interpretation of federal labor law and the CBA which sets forth the scope of the Union's duty. *See Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 218 (1985); *see also Wooddell v. Intern. Broth. of Elec. Workers*, 502 U.S. 93 (1991) (extending preemption provision of the LMRA to union constitutions). Finally, Plaintiff's "prior practices" argument cannot stand in light of the Supreme Court's decision in *United Steelworkers of America v. Rawson,* to the extent Plaintiff argues that the union had assumed any enforceable duties independently of the CBA. *United Steelworkers of America, ALF-CIO-CLC v. Rawson*, 495 U.S. 362, 370-71 (1990) (rejecting the argument that the Union may be liable under state tort law based on the union's prior participation in the mine's inspection). Just as was the case in *Rawson*, Plaintiff's claims cannot be described as independent of the collective-bargaining agreement—"this is not a situation where the [Union was] accused of acting in a way that might violate the duty of reasonable care owed to every person in society." *Id.* at 371.

Additionally, Plaintiff's claims fall within the scope of the duty of fair representation and would be subject to preemption under Section 9 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159, on that ground as well. *See Diggs v. Drivers, Chauffeurs and Helpers Local Union No. 639,* No. PJM 11-2404, 2012 WL 3774163 (D.Md. Aug. 29, 2012). The duty of fair representation obligates labor unions to represent fairly the interests of bargaining unit members and is breached when the union's conduct is arbitrary, discriminatory, or in bad faith. *International Brotherhood of Electrical Workers v. Foust*, 442 U.S. 42, 47(1979); *see also Vaca v. Sipes*, 386 U.S. 171, 177 (1967)(discussing NLRA unions and the statutory duty of fair representation to "serve the interest of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. ") The heart of Plaintiff's claims

here is that Local 772 assumed duties to keep him safe and should have used its influence with SCE&G to have Plaintiff's co-worker removed from his position. (ECF No. 64.) Such purported state law claims are embodied in the union's duty of fair representation which is governed by federal law. *See Peterson v. Air Line Pilots Ass'n Int'l,* 759 F.2d 1161, 1169 (4th Cir.1985) (stating that the preemption inquiry in duty of fair representation cases is "whether the duty of fair representation claim itself 'preempts' the power of the district court to exercise its pendent jurisdiction over related state law claims"); *see also Ray v. W.S. Dickey Clay Mfg. Co.*, 584 F. Supp. 1225, 1228 (D.C. Kan. 1984) (noting that several courts have held that a state common law duty of ordinary care cannot be imposed upon a union). Plaintiff's supplemental argument that the Union voluntarily assumed a South Carolina common law duty to protect Plaintiff and non-binding supplemental authority from the District Court of Hawaii, cannot change this result in the instant federal labor law case. (ECF Nos. 82 & 86.)

In sum, Plaintiff's negligence and breach of contract claims are preempted and will be treated as claims under federal law. The Court, therefore, turns to the question of whether the CBA or any of the other referenced sources of duties, can be read to impose a federal law duty enforceable by an individual employee like Plaintiff, the breach of which caused Plaintiff's injuries.

2.  **Plaintiff's Negligence Claims**

Plaintiff's purported negligence claims against Local 772 fail as a matter of law. Here, Plaintiff's state law negligence claims are subsumed and preempted by the federal duty of fair representation.[3] *See Arnold v. Air Midwest, Inc.*, No. 93-2426, 1994 WL 247442, *5-7 (D. Kan. May

---

[3]Even if this Court were to generously consider Plaintiff's negligence claims as somehow arising under state law based conduct unrelated to the union's representational functions and obligations, Plaintiff still has not articulated a plausible source of a duty owed to Plaintiff, an

-7-

24, 1994); *see also Mohr v. Assn. of Flight Attendants Local Council 66*, No. CV-23-0392, 2012 WL 2361729, *2 (D. Ariz. Jun. 20, 2012)(noting that several circuits hold that state law breach of contract and tort claims are subsumed in the duty of fair representation if they arise out of conduct that forms the basis of a breach of fair representation claim). Plaintiff's negligence claims, re-characterized as claims for the breach of the duty of fair representation, must be dismissed because simple negligence, ineffectiveness, or poor judgment is insufficient to establish a breach of the union's duty of fair representation. *Smith v. Local 7898, United Steelworkers of America*, 834 F.2d 93, 96 (4th Cir.1987); *United Steelworkers of America, AFL–CIO–CLC v. Rawson*, 495 U.S. 362, 372–73 (1990). Instead, the duty of fair representation is breached only when the union's conduct is arbitrary, discriminatory or in bad faith. *See Causey v. Local 1323, United Auto., Aerospace and Agr. Implement Workers of America*, 734 F. Supp. 1201, 1204 (D.S.C. 1989) (citing *International Brotherhood of Electrical Workers v. Foust*, 442 U.S. 42 (1979); *Vaca v. Sipes*, 386 U.S. 171 (1967)).

The Court hereby finds that, viewing the evidence in the light most favorable to Plaintiff, no

---

individual employee of SCE&G, which is a foundational element to a negligence claim. Plaintiff's references to aspirational goals and objective statements in documents related to the CBA, or suggestions, without more, that Defendant voluntarily assumed a duty owed to Plaintiff are simply insufficient. *See Davis v. Bell Atlantic–West Virginia, Inc*., 110 F.3d 245, 247–48 (4th Cir.1997)(noting that state law does not exist as an independent source of private rights to enforce collective-bargaining contracts); *Peterson v. Air Line Pilots Ass'n, Int'l*, 759 F.2d 1161, 1169–70 (4th Cir.1985) (dismissing state law claims for conspiracy, interference with contractual relations, and unlawful blacklisting). As Plaintiff has readily admitted, under South Carolina common law, there is no general duty to control the conduct of another or to warn a third person or potential victim of danger. (ECF No. 64 at 5.) To the extent Plaintiff would assert a negligence claim under federal law, the claim would be subject to dismissal as such a claim is not generally actionable in itself. *See Davenport v. Simmons,* 192 F.Supp. 2d 812, 825 (W.D. Tenn. Sept. 13, 2001); *Lewellen v. Metropolitan Gov't of Nashville and Davidson County, Tenn*., 34 F.3d 345, 349 (6th Cir.1994), cert. denied, 513 U.S. 1112 (1995).

genuine issue of material fact exists as to whether Local 772 breached a duty of fair representation owed to Plaintiff. Plaintiff has failed to show that Local 772's actions were arbitrary, discriminatory, or in bad faith. Because allegations of mere negligence do not state a claim for a breach of the duty and because the evidence in the record does not establish the requisite conduct required for breach of the duty of fair representation, summary judgment is appropriate. *Rawson*, 495 U.S. at 372-73 ("The courts have in general assumed that mere negligence, even in the enforcement of a collective-bargaining agreement, would not state a claim for breach of the duty of fair representation, and we endorse that view today."); *Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 412 (4th Cir. 1986) (per curiam)("when the evidence does not tend to establish the severely deficient union conduct required for a breach of the duty of fair representation, summary judgment is appropriate").

3. **Plaintiff's Breach of Contract Claim**

Plaintiff's breach of claim also fails as a matter of law. In the Amended Complaint, Plaintiff alleges that he was a third party beneficiary of the CBA entered into by IBEW and his employer whereby Defendant undertook a duty of care to adequately provide for his safety. (ECF No. 42 at 7.) The Supreme Court recognized that, in some circumstances, an employee may bring a breach of contract claim under Section 301 as a third-party beneficiary to a CBA. *International Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 864–65 & n. 7 (1987). To establish a claim against the union for breach of contract, beyond the far-reaching duty of fair representation, the employee "must be able to point to language in the collective-bargaining agreement specifically indicating an intent to create obligations enforceable against the union by the individual employees." *Rawson*, 495 U.S. at 374.

As Local 772 succinctly states, Local 772 did not assume any duties, through the CBA, or otherwise, the breach of which caused Plaintiff's injuries. Plaintiff claims that a provision in the

CBA indicates that "Local 772 had assumed a duty in the CBA to consult with SCE&G" regarding job decisions made for employees unable to perform normal job duties due to disability or age. (ECF No. 64 at 13-16.) But, a fair reading of this provision in Article V, § 3 of the CBA does not impose any obligation on Local 772 concerning the reassignment of employees, and instead outlines a mechanism for SCE&G to depart from its usual hiring process after consulting with Local 772 in its discretion. (ECF No. 64-13 at 24.) Despite Plaintiff's reading of the provision and attempt to impose a consultation duty on Local 772, the ultimate decision remained with the employer as reflected in the language of the CBA.[4]   (ECF No. 64-13 at 29.)

Plaintiff also argues that Article XII, Section I of the CBA, reflects that Local 772 assumed a duty to use its influence and best endeavors to protect the welfare, property, and best interests of SCE&G, but failed to protect him. (ECF No. 64 at 18; ECF No. 64-13 at 30.)   Here, however, as was the case in *United Steelworkers of America v. Rawson*, "the provisions in the collective-bargaining agreement relied on by [Plaintiff] are not promises by the Union..." and Plaintiff, as a third-party beneficiary, has no greater rights in a contract than SCE&G itself. *Rawson*, 495 U.S. 362, 375 (1990). Having considered the CBA, the Court concludes that no reasonable factfinder can conclude that Local 772 assumed enforceable duties through the CBA, the breach of which caused Plaintiff's injuries. Accordingly, Plaintiff's breach of contract claim must also be dismissed.

Finally, the Court makes a brief mention of Local 772's position that any duty of fair representation claims are barred by a six-month statute of limitations and are time-barred.[5] (ECF No.

---

[4]During oral argument, Plaintiff's counsel admitted that there was no language in Article V, § 3, enforceable by an individual member of the union. (ECF No. 80.)

[5]Local 772 indicates that several lower courts have applied the six-month statute of limitations for filing unfair labor practice charges under Section 10(b) of the National Labor

52-1 at 27-28.) In response, Plaintiff cites several cases adopting a state law limitations period for Section 301 claims for breach of contract under the collective bargaining agreement, but does not directly address the statute of limitations issue in relation to the duty of fair representation claims.[6] (ECF No. 64 at 18-19.) Although, as Local 772 points out, Plaintiff may have conceded that any duty of fair representation claim fails on statute of limitations grounds, the Court's holding does not rest on these grounds. Very clearly, Plaintiff has only alleged that Local 772 acted negligently in his complaint and, thus, any duty of fair representation claims fail accordingly.

## CONCLUSION

For the reasons set forth above, this Court hereby GRANTS Defendant Local 772's Motion for Summary Judgment (ECF No. 52), finding that Local 772 is entitled to judgment as a matter of law. This action is hereby dismissed in its entirety.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

July 31, 2015
Columbia, South Carolina

---

Relations Act to "non-hybrid suits," such as the instant matter, asserting duty of fair representation claims against a union. (ECF No. 52-1 at 27.)

[6]Defendant does not dispute that those of Plaintiff's claims preempted under Section 301 are subject to the analogous South Carolina statutes of limitations. (ECF No. 76 at 15.)